NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Civil No. 16-3024 (RBK/JS) |
| v. | : | **OPINION** |
| HECTOR DANIEL SANCHEZ, *et al.*, | : | |
| Defendants, | : | |

**Kugler,** United States District Judge:

This suit arises from Hector Daniel Sanchez's ("Defendant") alleged failure to pay federal income taxes and delinquent tax assessments. Presently before the Court is the United States of America's ("Plaintiff") motion for default judgment against Defendant (Doc. No. 50) and cross-claimant Tara Geisel's ("Geisel") motion for default judgment against Defendant (Doc. No. 59). For the reasons set forth below, Plaintiff's motion is **GRANTED**, and Geisel's motion is **DENIED**.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]**

Defendant resides at 307 Bennett Road, Cape May Court House, New Jersey. (Am. Compl. at 2). Geisel resides at 18 Furlong Drive, Cape May Court House, New Jersey ("Property"). (*Id.*). A delegate of the Secretary of Treasury of the United States assessed federal

---

[1] This Court will accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default except for those allegations pertaining to damages. *Chanel, Inc. v. Gordashevsky*, 448 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

1

income tax against Defendant in the amount of $64,161.00 for the tax year of 2005, $52,162.00 for the tax year of 2006, and $38,355.00 also for the tax year of 2006. (*Id.* at 3). Defendant received notice and demand for payment of the assessments. (*Id.*). Defendant has not fully paid the assessments—Defendant is indebted to Plaintiff in the amount of $285,115.58 as of January 4, 2016. (Am. Compl. at 3).

On or about July 8, 2005, Regina Knapp-Sanchez conveyed title to the Property located at 18 Furlong Drive, Cape May Court House, New Jersey to Defendant and herself, as husband and wife. (*Id.* at 4). Because of the tax assessments—pursuant to 26 U.S.C. §§ 6321 and 6322—federal tax liens arose on the dates of the tax assessments and attached to all property and rights to property owned at the time or thereafter acquired by Defendant. (*Id.* at 5). On April 19, 2007, a Notice of Federal Tax Lien against Defendant relating to the 2005 income tax liability was filed with the Office of the County Clerk in Cape May Courthouse, New Jersey. (Am. Compl. at 5).

After the Notice of Federal Tax Lien was filed, Defendant and Ms. Knapp-Sanchez entered into a construction loan and security agreement with Sterling Bank, secured by a mortgage on the Property. (*Id.*). The mortgage was filed on May 1, 2007 with the Office of the County Clerk in Cape May Courthouse, New Jersey. (*Id.*). They defaulted, and Sterling Bank initiated foreclosure proceedings in May 2009. (*Id.*). Plaintiff's lien was not referenced in the foreclosure complaint, but the foreclosure proceeding resulted in a judgment in favor of Sterling Bank. (Am. Compl. at 5).

On or about April 26, 2011, the Property was sold at a Sheriff's sale to Roma Bank for $100.00. (*Id.*). Plaintiff's tax lien was listed as an encumbrance that survived the foreclosure and attached to the Property. (*Id.* at 6).

On or about December 13, 2011, Roma Bank conveyed the Property to John J. Slavin. (*Id.*). Mr. Slavin died in 2012. (Am. Compl. at 6).

On or about April 13, 2013, Slavin's estate conveyed the Property to its current owner, Geisel, in exchange for $318,000.00. (*Id.*). Geisel executed a promissory note and mortgage with Infinite Mortgage Services, LLC, in the amount of $316,000.00. (*Id.*). The Property is assigned as collateral for the promissory note. (*Id.*). The deed and mortgage were recorded on May 7, 2013. (Am. Compl. at 6).

Plaintiff brought suit for $285,115.85 of damages against Defendant (Count One); a judgment, determination, and decree that Plaintiff's federal tax lien is a valid and subsisting lien that continues to attach to the Property (Count Two); and a foreclosure of that federal tax lien (Count Three). Plaintiff subsequently reached an agreement in June 2017 with Geisel, Federal National Mortgage Association, Patrick J. Slavin, the Estate of John Slavin, and Investors Bank to discharge the Property of any and all federal tax liens against Defendant in exchange for $97,500. (Geisel Br. Ex. C). Plaintiff still, however, seeks default judgment against Defendant. (Doc. No. 50). Geisel also seeks default judgment against Defendant (Doc. No. 59) because "[Defendant] was the party responsible for the liens and because Geisel would never have had to pay anything had the tax liens not been caused by Sanchez." (Geisel Br. at 3).

**II. STANDARD**

Federal Rule of Civil Procedure 55(b)(2) allows the Court, upon plaintiff's motion, to enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. The Court should accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default except for those allegations pertaining to damages. *Chanel, Inc. v. Gordashevsky*, 448 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing *Comdyne I, Inc. v.*

3

*Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). The Court also does not adopt Plaintiff's *legal* conclusions because whether the facts set forth an actionable claim is for the Court to decide. *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013).

While the decision to enter default judgment is left principally to the discretion of the district court, there is a well-established preference in the Third Circuit that cases be decided on the merits rather than by default judgment whenever practicable. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). Consequently, the Court must address a number of issues before deciding whether a default judgment is warranted in the instant case. If the Court finds default judgment to be appropriate, the next step is for the Court to determine a proper award of damages.

### III. DISCUSSION AND ANALYSIS

#### A. Appropriateness of Default Judgment

*i. The Court's Jurisdiction*

First, the Court must establish jurisdiction. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1340 and 1345, as well as 26 U.S.C. §§ 7402 and 7403. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1396.

*ii. Entry of Default*

Second, the Court must ensure that the entry of default under Rule 55(a) was appropriate. Rule 55(a) directs the Clerk of the Court to enter a party's default when the party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." In this case, Defendant was properly served with Plaintiff's summons in June 2016 and made no attempt to answer or defend the action before the Clerk appropriately issued the entry of default under Rule 55(a) on August 10, 2016.

Defendant was served with Geisel's cross-claim on July 21, 2017. (Geisel Req. Default Ex. A). Geisel moved for an entry of default against Defendant on August 17, 2017 (Doc. No. 51). Proof of service was omitted from that request. (*See* Doc. No. 57). Geisel corrected that issue, and again requested entry of default against Defendant on January 19, 2018 (Doc. No. 58). The Clerk appropriately issued the entry of default under Rule 55(a) on January 19, 2018.

### *iii. Fitness of Defendants to be Subject to Default Judgment*

Third, the Court will confirm that the defaulting parties are not infants or incompetent persons, or persons in military service exempted from default judgment. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C. App. § 501 *et seq.* (2006) (codification of the Servicemembers Civil Relief Act of 2003). In this case, it appears to the Court that Defendant is not an infant or incompetent and is not an active duty member of the United States military. (Pl. Br. Ex. B). Therefore Rule 55(b)(2) is satisfied.

### *iv. Plaintiff's Cause of Action*

Fourth, the Court must determine whether Plaintiff's complaint states a proper cause of action against Defendant. In performing the inquiry into a cause of action, the Court accepts as true a plaintiff's well-pleaded factual allegation while disregarding its mere legal conclusions. *See Directv, Inc. v. Asher*, No. 03–1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998)).

Plaintiff's complaint is sufficient. Plaintiff maintains that Defendant did not pay his federal income tax assessment. (*See, e.g.,* Compl.; Def. Br.). The complaint set out the factual background and story, set forth the tax assessment claims, sufficiently described the Property at issue, and generally included sufficient factual matter, accepted as true, to "state a claim to relief

5

that is plausible on its face."*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As such, this step is satisfied as to Plaintiff.

This analysis is much murkier for Geisel. Geisel's answer, cross-claims, and third-party complaint (Doc. No. 31) demand Indemnification (Count One) and Contribution (Count Two) as cross-claims against Defendant, Infinite Mortgage Services, LLC, Patrick J. Slavin, Executor of the Estate of John Slavin and the Estate of the Late John Slavin, and Investors Bank, "[t]o the extent the allegations of the Plaintiff's Amended Complaint are proven true." (Geisel Ans. at 7). The third-party complaint alleges Fraudulent Misrepresentation (Count One) and Negligent Misrepresentation (Count Two) against Slavin[2] and the Slavin Estate in the sale of the Property from the Slavin Estate to Geisel.

How or why Defendant is allegedly liable to Geisel is unclear. Geisel argues that she has paid $38,750.00 "to settle the matter as a result of the fact that Sanchez allowed two tax liens to be entered against the [P]roperty." (Geisel Br. at 1). In short, Geisel is seeking reimbursement from Defendant for her share of the settlement payment to the Internal Revenue Service. (*Id.* at 2). But why Defendant would owe her that money is an open question.

Given Geisel's answer, cross-claims, and third-party complaint, it seems her quarrel is with Slavin and the Slavin estate for selling her the Property subject to a tax lien that she supposedly did not know about. But the Government recorded the lien with the Office of the County Clerk in Cape May Courthouse, New Jersey, long before that sale occurred. (Am. Compl. at 5). The lien was a matter of public record. Geisel has failed to plead "a claim to relief that is plausible on its face" as to why Defendant owes her anything. *Iqbal*, 556 U.S. at 678. As

---

[2] Presumably Patrick J. Slavin, though this is not clear.

such, Geisel's complaint does not state a sufficient cause of action against Defendant. Her motion for default judgment must therefore be denied.

      *v.* Emcasco *Factors*

Finally, the Court must consider the so-called *Emcasco* factors when determining whether to enter default judgment for Plaintiff. The Court considers: (1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default. *Bridges Fin. Grp., Inc. v. Beech Hill Co.*, Inc., No. 09-2686, 2011 WL 1485435, at *3 (D.N.J. Apr. 18, 2011) (citing *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987))). The Court finds that all three factors favor granting default judgment.

First, Defendant has not articulated a cognizable meritorious defense nor defended this matter in any way. Second, because Defendant has failed to answer the complaint or otherwise appear, Plaintiff suffers prejudice if it does not receive a default judgment because it has no alternative means of vindicating its claim against the defaulting party. *See Directv v. Asher*, 2006 WL 680533, at *2. Third, Defendant's failure to properly respond permits, but does not compel, the Court to draw an inference of culpability on its part. *See Surdi v. Prudential Ins. Co. of Am.*, No. 08-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008) (citing *Palmer v. Slaughter*, No. 99-899, 2000 WL 1010261, at *2 (D. Del. July 13, 2000)). The *Emcasco* factors therefore weigh in favor of entering default judgment.

*vi. Conclusion*

Entry of default judgment is left primarily to the discretion of the district court. For the reasons discussed above, default judgment is appropriate for Plaintiff's claim. Default judgment is inappropriate, however, for Geisel's claims.

**B. Damages**

Plaintiff alleges a balance of $285,115.58 plus continuously accruing interest. As the actual damages calculation as of this date is unclear, Plaintiff must present further briefing before this Court makes a decision regarding total damages.

**IV. CONCLUSION**

For the reasons stated above, Plaintiff's motion for default judgment against Defendant is **GRANTED**. Geisel's motion for default judgment against Defendant is **DENIED**. Plaintiff is required to submit further briefing as to total damages on or before March 19, 2018. An appropriate order shall issue.


Dated:   03/05/2018                                                         s/Robert B. Kugler
                                                                            ROBERT B. KUGLER
                                                                            United States District Judge