**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Civil No. 16-3024 (RBK/JS) |
| v. | : | **OPINION** |
| HECTOR DANIEL SANCHEZ, *et al.*, | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This case arises from Hector Daniel Sanchez's ("Defendant") alleged failure to pay federal income taxes and delinquent tax assessments. The Court previously determined that default judgment against Defendant was appropriate, and granted such a judgment in favor of the United States of America ("Plaintiff"). The issue presently before the court is one of damages owed by Defendant upon receipt of Plaintiff's explanatory papers, as ordered by the Court (*See* Doc. No. 60). For the reasons set forth below, Plaintiff's motion is **GRANTED** and Plaintiff is **AWARDED $210,917.49 IN DAMAGES** as of March 19, 2018, as well as interest that may accrue[1] after such time and until the damages are paid in full.

---

[1] 26 U.S.C. § 6622 (1982).

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]**

The facts of the case have not significantly changed since this Court's opinion granting Plaintiff's motion for default judgment against Defendant. *United States v. Sanchez*, No. 16-3024, 2018 WL 1151710, at *1-2 (D.N.J. Mar. 5, 2018). After granting Plaintiff's motion for default judgment, the Court requested further briefing from Plaintiff regarding total damages, pursuant to Federal Rule of Civil Procedure 55(b)(2)(B). *Id.* at *4.

Plaintiff subsequently submitted a supplemental memorandum, in which it calculated the total damages to be $210,917.49. (Pl. Supp. Memo. at 1). This total was based on a combination of penalties for failure to make payments, late payments, lack of accuracy in regards to payments, and outstanding interest compounded daily. (*Id.* at 2-4) (*See* 26 U.S.C. §§ 6654, 6651, 6621, 6622). Defendant has made no attempt to defend himself in any way in this case and has neither answered nor responded to Plaintiff's calculation of damages.

**II. STANDARD**

Federal Rule of Civil Procedure 55(b)(2) allows the Court, upon a plaintiff's motion, to enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. The Court should accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default except for those allegations pertaining to damages. *Chanel, Inc. v. Gordashevsky*, 448 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). The Court also does not adopt Plaintiff's *legal*

---

[2] This Court will accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default except for those allegations pertaining to damages. *Chanel, Inc. v. Gordashevsky*, 448 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

conclusions because whether the facts set forth an actionable claim is for the Court to decide. *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013).

While the decision to enter default judgment is left principally to the discretion of the district court, there is a well-established preference in the Third Circuit that cases be decided on the merits rather than by default judgment whenever practicable. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). The Court has already determined that default judgment is appropriate in the case at hand, leaving only the question of damages to be decided. *Sanchez*, 2018 WL 1151710, at *1-2.

### III. DISCUSSION AND ANALYSIS

#### A. Damages

Plaintiff seeks damages totaling $210,917.49, as of March 19, 2018, plus interest accrued since March 19, 2018, compounded daily, as allowed by 26 U.S.C. § 6621(a)(2) and 26 U.S.C. § 6622(a) (citing § 1961(c)(1)). It is "well established" that the government's tax assessments are "entitled to a legal presumption of correctness[.]" *United States v. Fior D'Italia*, 536 U.S. 238, 242 (2002). Plaintiff submitted documentation showing that Defendant owes $210,917.49 for unpaid taxes, penalties, fees, and outstanding interest, as of March 19, 2018. (Decl. of Susan Johnston ¶ 11).

Plaintiff has offered evidence demonstrating that, per Defendant's own tax filings, Defendant owed $64,161.00 in taxes for the 2005 tax year and $90,717.00 for the 2006 tax year. (*Id.* at ¶ 6). Fees of $50.00 were assessed for each tax year, pursuant to 26 U.S.C. § 6331(a) to cover the expenses of collecting the taxes by levy, for a total of $100.00. (*Id.* at ¶ 9). Additionally, Defendant accrued numerous statutory penalties for his failure to make estimated payments pursuant to 26 U.S.C. § 6654, late payments pursuant to 26 U.S.C. § 6651(a)(2), and inaccuracy

with the filing and payments pursuant to 26 U.S.C. § 6662. (*Id.* at ¶¶ 7-8). These penalties amounted to $16,978.35 for the 2005 tax year and $32,850.75 for the 2006 tax year, totaling $49,829.10. Finally, Defendant accrued interest under 26 U.S.C. §§ 6621-6622 amounting to $44,573.82 for the 2005 tax year and $59,645.68 for the 2006 tax year, totaling $104,219.50. (*Id.* at ¶ 6). The interest rate under § 6621 is the federal short-term rate, as determined by the Secretary of the Treasury, plus three percentage points. After subtracting Defendant's payments and credits for the 2005 and 2006 tax years, totaling $98,109.11, Defendant is left with an outstanding balance of $210,917.49 as of March 19, 2018. (*Id.*).

Plaintiff is also entitled to continuing interest payments, compounded daily, pursuant to §6622(a), until such time as Defendant's outstanding damages are paid in full.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion is **GRANTED** and Plaintiff is **AWARDED $210,917.49 IN DAMAGES** as of March 19, 2018, plus accruing interest compounded daily after March 19 and until such time as the damages are paid in full. An appropriate order shall issue.


Dated: 06/04/2018                                          /s Robert B. Kugler
                                                           ROBERT B. KUGLER
                                                           United States District Judge

4